IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| A.L. ENTERPRISES INC., a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SERGE L. BRONSTEIN, an individual,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br><br><br>Case No. 2:08-CV-227 TS |

This matter is before the Court on Defendant's Motion to Dismiss. In his Motion, Defendant, proceeding *pro se*, argues that this case should be dismissed because he is an improper party, because the Court lacks jurisdiction, and because the Complaint fails to state a claim for which relief may be granted. Because the Court agrees that it lacks jurisdiction over Defendant, the Court will grant Defendant's Motion to Dismiss.

I. PERSONAL JURISDICTION STANDARD

Plaintiff carries the burden of establishing personal jurisdiction over Defendant.[1] "'To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must

---

[1] *Kuenzle v. HTM Sport-Und Freizeitgeräte AG*, 102 F.3d 453, 456 (10th Cir. 1996).

1

show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment.'"[2]  "It is frequently helpful to undertake the due process analysis first, because any set of circumstances that satisfies due process will also satisfy the long-arm statute."[3]

To satisfy the constitutional requirement of due process there must be "minimum contacts" between the defendant and the forum state.[4]  "When the evidence presented on the motion to dismiss consists of affidavits and other written materials, the plaintiff need only make a prima facie showing."[5]  "The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits.  If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor . . . ."[6]

The "minimum contacts" standard may be met by a finding of either general jurisdiction or specific jurisdiction.  Plaintiff argues that the Court has specific jurisdiction over Defendant.  When the "defendant has 'purposely directed' his activities at residents of the forum," courts in that state may exercise specific jurisdiction in cases that "arise out of or relate to those activities."[7]  In order for the Court to find specific jurisdiction, there must be "some act by which

---

[2] *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1295 (10th Cir. 1999) (quoting *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995)).

[3] *Systems Designs, Inc. v. New Customward Co.*, 248 F.Supp. 2d 1093, 1097 (D. Utah 2003).

[4] *World-Wide Volkswagen Co. v. Woodson*, 444 U.S. 286, 291 (1980).

[5] *Bell Helicopter Textron, Inc. v. Heliqwest Intern., Ltd.*, 385 F.3d 1291, 1295 (10th Cir. 2004).

[6] *Kennedy v. Freeman*, 919 F.2d 126, 128 (10th Cir. 1990).

[7] *Burger King v. Rudzewicz*, 471 U.S. 462, 472-73 (1985).

the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."[8]

If the Court finds that the Defendant had adequate minimum contacts with the forum state, the Court must also determine that personal jurisdiction is reasonable in light of the circumstances surrounding the case, or, in other words, that exercising jurisdiction would not offend traditional notions of "fair play and substantial justice."[9]  "Courts consider the following factors to decide whether exercise of jurisdiction is reasonable: (1) the burden on the defendant; (2) the forum state's interest in resolving the dispute; (3) the plaintiff's interest in receiving convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive policies."[10]

## II.  DISCUSSION

Defendant argues that the Court lacks jurisdiction over him.  Defendant argues that none of the website, facilities, or companies with which he does business are located in Utah.  Further, he argues that he has not sold a single male chastity device to anyone in Utah.  Finally, Defendant states that he does not have any subsidiary companies or representative in Utah, nor has he ever sought to market to Utah residents.

Plaintiff argues that jurisdiction is proper.  In particular, Plaintiff bases its jurisdictional argument on two facts: the websites allegedly operated by Defendant and the fact that Defendant,

---

[8] *Hanson v. Denckla*, 357 U.S. 235, 253 (1958) (citation omitted).

[9] *Burger King*, 471 U.S. at 476.

[10] *Bell Helicopter*, 385 F.3d at 1296.

or rather Defendant's company, made a single sale to a Utah resident, Plaintiff's investigator. While the contacts may give rise to jurisdiction over Defendant's company,[11] the Complaint is completely devoid of jurisdiction allegations relating to Defendant himself.  The Complaint only states that Defendant operates a number of business, including Sebron and Jenny T Entertainment, as well as the websites associated with those entities.  The Complaint goes on to state that those websites offer the products at issue in this case.

Defendant's actions "are not to be judged according to [his] employer's activities [in Utah]."[12]  "Each defendant's contacts with the forum state must be assessed individually."[13] Here, there is no evidence that Defendant Bronstein has conducted any activities in Utah which would indicate that Defendant purposefully availed himself of the privilege of conducting activities in Utah.  Rather, the only evidence in the Complaint is that entities owned by Defendant may be subject to jurisdiction.  However, this is not enough to assert personal jurisdiction over Defendant.[14]  Thus, the Court will grant Defendant's Motion.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Dismiss (Docket No. 25) is GRANTED.  The Clerk of the Court is directed to close this case forthwith.

---

[11] As Plaintiff has not brought suit against Defendant's company, the Court need not determine whether the Court has jurisdiction over this entity.

[12] *Calder v. Jones*, 465 U.S. 783, 790 (1984).

[13] *Id*.

[14] *See, e.g., Hsin Ten Enter. USA, Inc. v. Clark Enters.*, 138 F.Supp. 2d 449, 456–57 (S.D.N.Y. 2000) (finding personal jurisdiction over sole proprietorship but dismissing complaint against individual sole proprietor for insufficient jurisdictional allegations).

DATED   May 29, 2008.

>BY THE COURT:
>
>_____
>TED STEWART
>United States District Judge